UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ROBERTO SANTANA,

                Plaintiff,

    - against -

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER REYES and NEW YORK
CITY POLICE DEPARTMENT,

                Defendants.
-------------------------------------------------------x

**14 CV 2837**

Case No.:

**COMPLAINT**

Jury Demanded

RECEIVED
APR 22 2014
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, by his attorney, Jason M. Baxter, upon information and belief, alleges as follows:

## PARTIES

1.    That at all times herein mentioned, Plaintiff ROBERTO SANTANA, has been and remains a resident of the City and State of New York, County of Bronx.

2.    Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York and has offices located at 100 Church Street, New York, New York 10007.

3.    Defendant NEW YORK CITY POLICE OFFICER REYES, at all times relevant was an employee of Defendant NEW YORK CITY POLICE DEPARTMENT, working out of the 40th Precinct at 257 Alexander Avenue, Bronx, New York 10454.

4.    Defendant NEW YORK CITY POLICE DEPARTMENT is a municipal corporation organized under the laws of the State of New York and has its headquarters located at 1 Police Plaza, New York, New York 10038.

## FEDERAL JURISDICTION AND VENUE

5.    This is a civil rights action in which Roberto Santana is seeking relief for Defendants' violation of his rights, privileges, and immunities pursuant to the Civil Rights Act of

1871, 42 U.S.C. § 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000(d), et seq., ("Title VI"), and the Constitution and laws of the State of New York pursuant to 28 U.S.C. § 1367.

6.     The Defendants engaged in a course of conduct designed to intimidate Plaintiff through the use of their authority, into submitting to their illegal and unconstitutional practices by threatening Plaintiff and using physical violence against the Plaintiff when he protested against their actions by exercising his freedom of speech.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) as the Defendants are located in the Southern District of New York and the events giving rise to the claims occurred in the Southern District of New York.

## FACTS

8.     On or about March 29, 2013, the Plaintiff was lawfully present inside Mike's bodega at the corner of 155th Street and Cortland Avenue, Bronx, New York.

9.     Plaintiff was waiting in line in the store to buy some orange juice.

10.     Four employees of Defendant NEW YORK CITY POLICE DEPARTMENT including Defendant REYES entered the store and ordered everyone inside the store to stand against the wall, take out their identification, and to allow for a search of their persons.

11.     Plaintiff informed the Police Officers that he was buying some orange juice and had done nothing illegal.

12.     Plaintiff refused to allow the search and complained about being subjected to a search without a warrant or exigent circumstances.

13.     The employees of Defendant NEW YORK CITY POLICE DEPARTMENT told Plaintiff to keep his mouth closed and that if he continues to speak he will be arrested.

14.     Defendants used the threat of arrest in an attempt to obtain Plaintiff's consent to the warrantless search of his person.

15.     Plaintiff continued to insist that the search was illegal and that he had the right to decline the search.

16.     Plaintiff was searched against his will and was written a ticket for disorderly conduct by Defendant REYES.

17.     Plaintiff continued to exercise his Constitutional Right to freedom of speech by informing the Defendants about the way that their violation of his Fourth Amendment rights made him feel as he walked out of the store towards his home.

18.     In response to Plaintiff's free speech, Plaintiff was illegally assaulted, battered, tackled to the ground, and handcuffed by employees of Defendant NEW YORK CITY POLICE DEPARTMENT, causing injuries to his hands and face.

19.     Defendants had an interest in preventing Plaintiff from expressing himself in public in order to prevent their conduct from becoming known to bystanders in the area at the time of the assault and kidnapping.

20.     Defendants illegally and forcibly kidnapped Plaintiff and imprisoned him against his will at the 40th Precinct at 257 Alexander Avenue, Bronx, New York 10454. Plaintiff was conscious of his confinement, did not consent to such confinement, and such confinement was not otherwise privileged as there was no probably cause for an arrest.

21.     Plaintiff was subject to inhumane treatment and was forced to have his fingerprints examined, a DNA sample taken, and was photographed.

22.     After an imprisonment of more than 8 hours Plaintiff was taken against his will to 265 East 161st Street, where he was released from custody without being charged with any crime.

23.     During the events related herein, the Defendants were acting under color of law in violating Plaintiff's rights under the Constitution, Federal Law, and New York State law.

24.     Plaintiff filed a notice of claim on April 4, 2013.

25.     Plaintiff was shocked, alarmed and distressed and continues to be disturbed by the matters complained of herein.

26.     Plaintiff was injured by the reason of the unlawful, intentional, violent, reckless or negligent acts of THE CITY OF NEW YORK, THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, and NEW YORK CITY POLICE OFFICER REYES.

27.     Defendants through their unlawful, intentional, violent, reckless or negligent acts caused the Plaintiff to be unlawfully arrested.

28.     Pursuant to Plaintiff's false arrest he experienced emotional distress, pain and suffering, loss of quality and/or enjoyment of life, and all other damages to which the claimant is entitled to by case law and statute.  Due to the carelessness, recklessness and negligence of Defendants and its servants or agents, Plaintiff has been damaged in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

29.     That Defendant, The City of New York, through their unlawful, intentional, violent, reckless or negligent acts caused the Plaintiff to be unlawfully imprisoned.

30.     That the Plaintiff was shocked, alarmed and distressed and continues to be disturbed by the false imprisonment.

31.     That Claim is for false imprisonment, emotional distress, pain and suffering, loss of quality and/or enjoyment of life, and all other damages to which the claimant is entitled to by case law and statute.  Due to the carelessness, recklessness and negligence of Defendants, and

their servants or agents, claimant has been damaged in the amount of ONE HUNDRED

THOUSAND DOLLARS ($100,000.00).

32.     That Defendant, the New York City Police Department, through their unlawful,

intentional, violent, reckless or negligent acts caused the Plaintiff to be unlawfully arrested.

33.     That the Plaintiff was shocked, alarmed and distressed and continues to be

disturbed by the false arrested.

34.     That Claim is for false arrest, emotional distress, pain and suffering, loss of

quality and/or enjoyment of life, and all other damages to which the claimant is entitled to by

case law and statute.   Due to the carelessness, recklessness and negligence Defendants, and their

servants or agents, claimant has been damaged in the amount of ONE HUNDRED THOUSAND

DOLLARS ($100,000.00).

35.     Defendants engaged in a policy and practice of searching Plaintiff without a

reasonable articulated suspicion of criminality or warrant as required by the Fourth Amendment.

36.     Pursuant to the illegal search Plaintiff experienced emotional distress, pain and

suffering, loss of quality and/or enjoyment of life, and all other damages to which the claimant is

entitled to by case law and statute.   Due to the carelessness, recklessness and negligence of

Defendants and its servants or agents, Plaintiff has been damaged in the amount of ONE

HUNDRED THOUSAND DOLLARS ($100,000.00)

37.     Defendants engaged in a policy and practice of seizing Plaintiff without any cause

or warrant as required by the Fourth Amendment.

38.     Pursuant to the illegal seizure Plaintiff experienced emotional distress, pain and

suffering, loss of quality and/or enjoyment of life, and all other damages to which the claimant is

entitled to by case law and statute.   Due to the carelessness, recklessness and negligence of

Defendants and its servants or agents, Plaintiff has been damaged in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

39.     Defendants engaged in a policy and practice of prevent Plaintiff from speaking in violation of his First Amendment right.

40.     Pursuant to the illegal violation of Plaintiff's First Amendment right he experienced emotional distress, pain and suffering, loss of quality and/or enjoyment of life, and all other damages to which the claimant is entitled to by case law and statute.  Due to the carelessness, recklessness and negligence of Defendants and its servants or agents, Plaintiff has been damaged in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

41.     Plaintiff has the physical characteristics considered by The United States of America to define him as a member of the "African American," or "black" race, which confers upon him a special status as a member of a protected class as a "minority".

42.     Plaintiff was subjected to the treatment described herein because the Defendants considered him to be a member of the protected class or minority.

43.     Defendants actions in treating Plaintiff differently from "European Americans" or "whites" is a violation of the Plaintiff's rights under the Constitution, federal statute, and state law.

44.     As a direct and proximate result of the racially discriminatory acts of the Defendants Plaintiff suffered injuries and damages, and was deprived of his rights under the civil rights laws. Plaintiff has been damaged in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

**WHEREFORE,** the plaintiff demands judgment against Defendants, for SEVEN HUNDRED THOUSAND ($700,000.00) DOLLARS, together with attorney's fees, punitive damages to be determined by a jury, and the costs and disbursements of this action.

Dated:   New York, New York
       April 17, 2014

JASON M. BAXTER, ESQ
Attorney for Plaintiff
267 Fifth Avenue, SB100
New York, New York 10016
(212) 889-9811

Case Number: 14 cv 2837

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERTO SANTANA,

        Plaintiff,

  - against -

THE CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER REYES and NEW YORK
CITY POLICE DEPARTMENT,

        Defendants.

---

## COMPLAINT

---

**JASON M. BAXTER**
ATTORNEY AT LAW
Attorney for Plaintiff
267 Fifth Avenue, SB100
New York, New York 10016
(212) 889-9811